UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW MICHAEL BUCAOJIT,

    Plaintiff,

    v.

SOLANO COUNTY, et al.,

    Defendants.

No. 2:19-cv-2055-EFB P

ORDER

    Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, seeks to proceed in forma pauperis. ECF No. 2. He has also filed a motion for appointment of counsel (ECF No. 8) and a request for discovery (ECF No. 12).

### Application to Proceed In Forma Pauperis

    Plaintiff's application (ECF Nos. 2 and 11) makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, his request to proceed in forma pauperis is granted.

### Request for Appointment of Counsel

    District courts may authorize the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir.1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits;

and (2) the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved.  *Terrell*, 935 F.2d at 1017.  The court cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate her claims amount to exceptional circumstances justifying the appointment of counsel at this time.

### Screening

#### I.    Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

/////

pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.    <u>Analysis</u>

Across both complaints, plaintiff is pursuing various claims against members of the Solano County Sheriff's Department, none of which are sufficiently related to proceed jointly.

First, plaintiff alleges that defendant Carreon failed to supply him with a "showering apparatus" that would accommodate his disabilities. ECF No. 1 at 5, ECF No. 10 at 5. Plaintiff states that he is incapable of walking or standing and, thus, could not shower without the apparatus. ECF No. 10 at 5. He does not allege when this denial occurred or the nature of his interactions with Carreon.

Second, plaintiff alleges that defendant Ammermen was escorting him and directed him to move faster. ECF No. 1 at 6, ECF No. 10 at 6. Plaintiff explained that he could not and, in response, Ammermen allegedly grabbed plaintiff and attempted to carry him. ECF No. 1 at 6. Plaintiff alleges that Ammermen dropped him, however, causing "extreme and unnecessary pain." *Id.*

Third, plaintiff alleges that unspecified defendants transported him to and from medical appointments and court proceedings in vehicles lacking wheelchair accessibility and seatbelts. ECF No. 1 at 7, ECF No. 10 at 7.

Fourth, plaintiff alleges that, during his incarceration at the Solano County Stanton Facility, he was not given a cell that complied with the Americans with Disabilities Act. ECF No. 1 at 8, ECF No. 10 at 8. He claims that the lack of disability accommodations made drinking water and using the restroom difficult. ECF No. 10 at 8. He does not specify which defendants were responsible for this housing assignment.

Fifth, plaintiff alleges that, on February 8, 2019 and while he was out of his cell, he advised defendant Hambright that he was in pain and needed to return to his housing area. ECF No. 1 at 9, ECF No. 10 at 9. Hambright allegedly denied his request and made plaintiff wait longer than his peers to return to prison housing. ECF No. 10 at 9. Plaintiff claims that Hambright's actions were undertaken in retaliation for "something I did last time I was at court."

ECF No. 1 at 9.  He does not elaborate on what action spurred Hambright's alleged retaliation, however.

Sixth, on an unspecified date and in uncertain circumstances, plaintiff alleges that defendant Bidou ordered him to "crawl and slither" across the floor in front of other inmates. ECF No. 1 at 10, ECF No. 10 at 10.

Seventh, plaintiff alleges that defendant Hun confiscated his wheelchair for a period of three days and effectively immobilized him thereby.  ECF No. 1 at 11, ECF No. 10 at 11.

Eighth, plaintiff alleges that defendant Areola, during lunch and in the presence of numerous other inmates, verbally humiliated plaintiff by implying that he offered sexual favors to other correctional officers.  ECF No. 1 at 12, ECF No. 10 at 12.  Plaintiff claims that Areola's actions agitated "pre-existing mental issues."  ECF No. 1 at 12.

Finally, plaintiff alleges that defendant Hipol made "a direct threat of rape" while transporting him.  ECF No. 1 at 13, ECF No. 10 at 13.  Plaintiff does not elaborate on the nature of the threat.

At this time, the court will not undertake to analyze whether each of the nine claims is cognizable.  Instead, plaintiff is instructed that he may not bring multiple, unrelated claims against more than one defendant.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . . [u]nrelated claims against different defendants belong in different suits . . . .").  The nine foregoing claims, as currently articulated, are not sufficiently related to proceed jointly in a single action.  The question of whether defendant Ammermen dropped plaintiff while transporting him (and what, if any, legal recourse that would entitle plaintiff to) has no bearing on whether defendant Hun confiscated his wheelchair or whether defendant Hipol threatened to sexually assault him.

Plaintiff will be given leave to amend.  If he files an amended complaint he should undertake to: (1) fully allege the context of each of his claims – including the relevant dates and defendants involved; and (2) narrow the scope of his complaint to ensure, as described above, that all of the claims bear sufficient relation to one another.

/////

III.     Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d 605 at 607.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.  He should also take pains to ensure that his amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

/////

/////

5

<u>Request for Discovery</u>

If appropriate (i.e., plaintiff files an amended complaint stating a cognizable claim and defendant(s) file an answer), the court will issue a discovery and scheduling order. Until then, requests for discovery are premature. Plaintiff's request for discovery is denied.

<u>Conclusion</u>

Accordingly, it is ORDERED that

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's second application to proceed in forma pauperis (ECF No. 11) is DENIED as MOOT;
3. Plaintiff's request for appointment of counsel (ECF No. 8) is DENIED without prejudice;
4. Plaintiff's request for discovery (ECF No. 12) is DENIED;
5. Plaintiff's complaints (ECF No. 1 & ECF No. 10) are dismissed with leave to amend within 30 days from the date of service of this order; and
6. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: April 21, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE