UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MICHAEL BUCAOJIT,<br><br>    Plaintiff,<br><br>    v.<br><br>SOLANO COUNTY, *et al.*,<br><br>    Defendants. | Case No. 2:19-cv-2055-WBS-JDP (P)<br><br>ORDER TO VACATE THE OCTOBER 7, 2020 FINDINGS AND RECOMMENDATIONS<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S FIRST, THIRD, AND FOURTH CLAIMS PROCEED AND THAT HIS SECOND CLAIM BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>FOURTEEN-DAY DEADLINE TO FILE OBJECTIONS<br><br>ECF No. 24 |

Plaintiff proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983.  In its previous screening order, the court informed plaintiff that he could either proceed with three of his claims or file another amended complaint.  ECF No. 21 at 5.  On October 7, 2020, the court recommended dismissal after plaintiff failed to respond within the allotted time.  ECF No. 23.  While those recommendations were pending, however, plaintiff submitted a third

amended complaint. ECF No. 24. Accordingly, I vacate the prior findings and recommendations, ECF No. 23.

For the reasons set forth below, I recommend that the court allow plaintiff to proceed on his ADA claims against Solano County and defendants Hun and Carreon in their official capacities based on: (1) denial of the ability to shower in January 2019; (2) denial of access to a handicap bathroom while incarcerated at the Stanton Facility; and (3) confiscation of his wheelchair in November 2018. I recommend that all other defendants and claims be dismissed without leave to amend.

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

2

1  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
2  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
3  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Procedural Background**

5  Plaintiff initiated this action on October 15, 2019, ECF No. 1, and filed a first amended
6  complaint on January 29, 2020, ECF No. 10, alleging nine claims for relief.  On April 22, 2020,
7  the court dismissed his complaint with leave to amend after determining that it impermissibly
8  attempted to join multiple, unrelated claims against more than one defendant.  ECF No. 13.  On
9  June 26, 2020, plaintiff filed a second amended complaint, ECF No. 20, which the court screened
10  and again found to include multiple, factually distinct claims, ECF No. 21 at 2.  The court
11  informed plaintiff that he could either proceed only with his first, fourth, and fifth ADA claims
12  against Solano County, or file another amended complaint.  ECF No. 21 at 5.  Plaintiff was
13  granted thirty days either to file an amended complaint or to return the documents necessary to
14  effect service.  *Id.*  On October 7, 2020, the court recommended dismissal after plaintiff failed to
15  respond within the requisite timeframe.  ECF No. 23.  On October 8, 2020, plaintiff filed a third
16  amended complaint.  ECF No. 24.

**Analysis**

18  Plaintiff's first claim is identical to that in his second amended complaint, and as such, the
19  court arrives at the same conclusion as in the prior screening order.  Plaintiff alleges that in
20  January 2019, defendant Carreon, an officer with the Solano County Sherriff's Department,
21  denied plaintiff the ability to shower by failing to provide him with necessary disability
22  accommodations.  ECF No. at 6.  Plaintiff alleges that he was confined to a wheelchair and that
23  Carreon's denial of accommodations violated his rights under the Americans with Disabilities Act
24  ("ADA").  *Id.*  No individual capacity claim against Carreon can be maintained under the ADA.
25  *See Hardwick v. Curtis Trainlers, Inc.*, 896 F. Supp. 1037, 1039-39 (D. Or. 1995) (holding that
26  individual liability is precluded under the ADA Title II) (citing *Miller v. Maxwell's Intern., Inc.*,
27  991 F.2d 583 (9th Cir. 1993)); *see also Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002)
28  (holding that a plaintiff may not bring a section 1983 lawsuit against an individual for violations

of Title VII of the ADA).  Plaintiff is suing Carreon in both his individual and official capacities.  ECF No. 24 at 2.  As the court previously stated, only the official capacity claim, which is effectively a claim against Solano County, will proceed past screening.  *See* ECF No. 21 at 3.

Plaintiff alleges in his second claim that, in December 2018, defendant Ammermen picked him up from his bed and dropped him on the floor.  ECF No. 24 at 7. The court previously dismissed this claim with leave to amend, stating that plaintiff had failed to allege that Ammermen's actions were taken because of plaintiff's disabilities.  ECF No. 21 at 3-4.  The amended claim in plaintiff's third amended complaint is nearly identical, but adds the sentence, "[h]is actions were taken because of my disabilities."  ECF No. 24 at 7.  Even accepting this allegation as true, plaintiff's allegations are the type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [that] do not suffice."  *Iqbal*, 556 U.S. 662 at 678.  This claim is insufficiently pled to proceed pass screening.  Given plaintiff's repeated failures to provide sufficient allegations despite multiple chances to amend, I recommend dismissing this claim without leave to amend.

Third,[1] plaintiff claims that, on December 31, 2019, he was transported from the downtown Solano County facility to the Stanton Facility.  ECF No. 24 at 8.  There, he alleges that he was placed in a non-ADA compliant cell, which made getting water and using the bathroom difficult.  *Id.*  He claims that he advised an unnamed officer of the situation and filed a grievance outlining his issues, but did not receive any relief.  *Id.*  In its prior screening order, the court determined that the only plausible defendant for this claim is Solano County, and that the claim was sufficient to proceed past screening.  ECF No. 21 at 4.  Plaintiff's third amended complaint adds that he also intends to bring this claim against the officers involved in transporting plaintiff to the facility.  ECF No. 24 at 8.  Plaintiff has not pleaded any relevant facts, and it is not evident how the officers involved in transporting him to the Stanton Facility are liable for injuries he sustained after his arrival.  Accordingly, this claim can proceed against Solano County; to the extent that plaintiff is making a claim against the transporting officers, however, I recommend

---

[1] Although this claim is the third claim, it is listed in the complaint as "Claim IV."  ECF No. 24 at 8.

1    that the claim be dismissed without leave to amend.[2]

2    Fourth, plaintiff alleges that, in November 2018, while at a "medical unit," defendant Hun
3    confiscated his wheelchair after escorting him to his cell. *Id.* at 9.  Plaintiff claims that the
4    wheelchair was returned days later following medical staff intervention. *Id.*  Plaintiff claims that,
5    without his wheelchair, he was unable to shower, use the bathroom effectively, or use the jail
6    telephone. *Id.*  As with his first claim, plaintiff cannot pursue damages under the ADA against
7    Hun in his individual capacity.  The official capacity claim against defendant Hun and Solano
8    County may proceed.

9    Accordingly, I recommend that plaintiff be allowed to proceed with his first, third, and
10   fourth ADA claims against Solano County and against defendants Hun and Carreon in their
11   official capacities.  I recommend that all other claims and defendants be dismissed without leave
12   to amend.

### No Leave to Amend

14   If the court finds that a complaint or claim should be dismissed for failure to state a claim,
15   the court has discretion to dismiss with or without leave to amend.  Leave to amend should be
16   granted if it appears possible that the defects in the complaint could be corrected, especially if a
17   plaintiff is pro se.  *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); *Cato v.*
18   *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to
19   amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that
20   the deficiencies of the complaint could not be cured by amendment." (citing *Noll v. Carlson*, 809
21   F.2d 1446, 1448 (9th Cir. 1987))).  However, if after careful consideration it is apparent that a
22   claim cannot be cured by amendment, the court may dismiss without leave to amend.  *Cato*, 70
23   F.3d at 1105-06.

24   In light of plaintiff's repeated failures to provide additional information about his claims

---

[2] Plaintiff appears also to bring this claim against anyone who may have been involved in the decision to house him in a non-ADA complaint cell. ECF No. 24 at 8.  To the extent that plaintiff learns of actions by specific individuals during discovery, he can ask that the court allow him to amend his complaint.  At this point, plaintiff has failed to identify any specific defendant other than the County.

5

despite specific instructions from the court, the undersigned finds that further leave to amend would be futile and that plaintiff's second claim should be dismissed without leave to amend. *Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

Accordingly, it is ORDERED that:

1. the October 7, 2020 findings and recommendations (ECF No. 23) be VACATED; and

2. plaintiff's third amended complaint be found, for screening purposes, to state viable ADA claims against Solano County and against defendants Hun and Carreon in their official capacities based on: (1) denial of the ability to shower in January 2019; (2) denial of a handicap bathroom while incarcerated at the Stanton Facility; and (3) confiscation of plaintiff's wheelchair in November 2018.

It is further RECOMMENDED that all other claims and defendants in the complaint be dismissed without leave to amend for the reasons stated above.

If these recommendations are adopted, the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the June 26, 2020 complaint, and one USM-285 form and instructions for service of process on defendant Solano County. Within 30 days of service of an order adopting these findings and recommendations, plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the endorsed complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant Solano County will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. Failure to comply with any part of the court's order may result in dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 22, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE